# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERI AULESTIA, Mother and Next Friend of KATI HIATT, | ) ) ) |
| Plaintiff, | ) Case No. 14-CV-769-JED-FHM ) ) |
| v. | ) ) |
| NUTEK DISPOSABLES, INC., | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff initiated this action in state court by the filing of a Petition on October 31, 2014, alleging that Kati Hiatt "has suffered serious, painful and permanent injuries" as a result of the use of baby wipes that were "defective and unreasonably dangerous." (Doc. 2-2 at ¶ 2). As alleged in the Petition, Ms. Hiatt was 18 years old, "with a normal life expectancy of 63.9 years, according to the United States Life Tables," and plaintiff "has incurred and will incur expenses for medical care and attention" for the serious, painful and permanent injuries suffered. (*Id.* at ¶¶ 2-4, 6). Plaintiff alleges that the defendant's "manufacture and distribution of the defective and unreasonably dangerous baby wipes was in reckless disregard of Plaintiff, her child, and others." (*Id.* at ¶ 5). Plaintiff requests "a sum in excess of $10,000 as and for actual damages, and a sum in excess of $10,000 as and for punitive damages...." (Doc. 2-2 at ¶ 6).

Based upon the allegations of the Petition, defendant removed the action to this Court. Defendant alleged in the Notice of Removal that this action involves an amount in controversy exceeding $75,000, exclusive of costs and interest, and that "the amount in controversy

requirement set forth in 28 U.S.C. § 1332(a) is satisfied." (Doc. 2 at ¶¶ 1, 21).[1] The defendant's Notice of Removal also analyzed the specific allegations of the Petition to support defendant's allegation that the amount in controversy exceeds the jurisdictional threshold. For example, defendant notes plaintiff's allegations of "serious, painful and permanent injuries," "medical care and attention" incurred and which may continue for another 45.9 years, and the fact that plaintiff seeks punitive damages for alleged "reckless disregard" of plaintiff and others. (*Id.* at ¶¶ 12-20).

Before removal, defendant filed in the state court a "Motion to Strike Petition / Motion to Dismiss or in the Alternative Motion to Clarify Damages," which was docketed in this Court upon removal. (Doc. 7). Therein, defendant noted that plaintiff failed to comply with the Oklahoma damages pleading requirements set forth in *Okla. Stat.* tit. 12, §§ 2008, 2009, which require that every petition indicate whether the plaintiff seeks damages in an amount required for diversity jurisdiction. In pertinent part, the statutes state as follows:

> Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to [§ 1332], except in actions sounding in contract. Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction ... or less shall specify the amount of such damages sought to be recovered....
>
> In actions where exemplary or punitive damages are sought, the petition shall not state a dollar amount for damages sought to be recovered but shall state whether the amount of damages sought to be recovered is in excess of or not in excess of the amount required for diversity jurisdiction pursuant to Section 1332....

*Okla. Stat.* tit. 12, §§ 2008(A)(2), 2009(G).

---

[1] The parties do not dispute that there is complete diversity of citizenship, as plaintiff is a resident of Oklahoma (Petition, Doc. 2-2 at ¶ 1), and defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania (Notice of Removal, Doc. 2 at ¶ 10).

The current versions of §§ 2008 and 2009 were enacted effective September 10, 2013, over a year before the Petition was filed. Rather than amend to comply with the statutes, or respond with a statement that plaintiff is, or is not, seeking an amount of damages that satisfies the jurisdictional amount, plaintiff's counsel has dodged the question and argued merely that the Motion to Clarify Damages relies upon state procedure and should be denied because the case has been removed and is now pending in federal court. (Doc. 8 at ¶ 1). At the same time, plaintiff's counsel has moved to remand the case to state court, arguing that defendant did not supply proof of damages (*see* Doc. 9). Nowhere does plaintiff state, as she was required to in her Petition under §§ 2008, 2009, that she seeks less than, equal to, or in excess of an amount of damages required for diversity jurisdiction. This is similar to the type of discovery gamesmanship of which this Court has previously expressed disapproval. *See, e.g.*, *McCrary v. Country Mut. Ins. Co.*, 13-CV-507-JED-PJC, 2013 WL 5973801 (N.D. Okla. Nov. 11, 2013). One of the same attorneys from the same firm involved in *McCrary* represents plaintiff here.[2]

---

[2] The conduct is arguably worse here, because plaintiff was *statutorily required* to plead whether she seeks damages in an amount required for diversity jurisdiction, whereas the plaintiff in *McCrary* was not required to so plead. In *McCrary*, the plaintiff's petition was filed on June 26, 2013, between June 4, 2013 (when the Oklahoma Supreme Court found numerous provisions of the Comprehensive Lawsuit Reform Act [CLRA] of 2009 to violate the Oklahoma Constitution's single-subject rule) and September 10, 2013 (when the Oklahoma Legislature separated out and reenacted the §§ 2008 and 2009 damages pleading requirements into a separate Bill, H.B. 1011). *See Douglas v. Cox Retirement Prop., Inc.*, 302 P.3d 789, 794, n.8 (Okla. 2013) ("[if] the Legislature ... believed the subjects involved in a particular bill were important, it should enact those subjects in separate bills."); 2013 Okla. Sess. Law Serv. 1st Ex. Sess. Ch. 9 (H.B. 1011) (West) (separating the damages-pleading amendments to §§ 2008 and 2009 into a separate Bill to comply with *Douglas*, repealing the amendments that were in violation of the single-subject rule [section 1], reverting the statutes back to pre-CLRA versions [sections 2 and 4], then amending sections 2 and 4 in sections 3 and 5 to conform the statutes to the amendments intended to be made to §§ 2008 and 2009 by the CLRA [*see* section 6]). Plaintiff's counsel is well aware of the existence of H.B. 1011, but selectively cites parts of the Bill while omitting reference to sections 3 and 5, which amended the statutes to their current versions. (*See, e.g.,* Doc. 9 at ¶ 2 [suggesting that section 4 of the Bill is applicable, even though that version was amended in section 5]; Doc. 8 at ¶ 3 [citing all sections of the Bill except sections 3 and 5]).

The straightforward issue before the Court is whether the defendant's amount in controversy allegation should be accepted as satisfying the jurisdictional threshold under 28 U.S.C. § 1332. The Federal Courts Jurisdiction and Venue Clarification Act of 2011 amended 28 U.S.C. § 1446 to govern the burden of proof in the removal context. The statute requires that the notice of removal contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). It further provides as follows:

> (2) If removal of a civil action is sought on the basis of [diversity] jurisdiction . . ., the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that --
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks-- (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

The Supreme Court recently discussed the standards applicable under § 1446 to a defendant's notice of removal in the diversity context and held that evidence establishing the amount in controversy is required only when the plaintiff contests, or the court questions, the defendant's statement in the notice of removal:

> When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. Similarly, *when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.... If the plaintiff contests the defendant's allegation*, §1446(c)(2)(B) instructs: "[R]emoval ... is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. This provision, added to § 1446 [in 2011], clarifies the

> procedure in order when a defendant's assertion of the amount in controversy is challenged....
>
> In sum, as specified in § 1446(a), *a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.*

*Dart Cherokee Basin Op. Co. v. Owens*, ___ U.S. ___, 135 S. Ct. 547, 553-54 (2014) (internal citations omitted) (emphasis added).

Here, the defendant's Notice of Removal (Doc. 2) includes a "short and plain statement of the grounds for removal," in compliance with § 1446(a), and provides a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold," consistent with the holding of *Dart Cherokee*. 135 S. Ct. at 553-54. Under the applicable authorities, that amount should be accepted "unless contested by the plaintiff or questioned by the court." *Dart Cherokee*, 135 S. Ct. at 553-54. Having reviewed all of the parties' filings, the Court finds and concludes that the plaintiff has *not* contested the defendant's short, plain, and plausible allegation in the Notice of Removal that the amount in controversy exceeds the jurisdictional threshold. Nowhere in plaintiff's response to the defendant's request for dismissal or for clarification of plaintiff's damages does plaintiff indicate whether she does, or she does not, seek damages in an amount that exceeds the jurisdictional threshold. (*See* Doc. 8). Plaintiff also does not contest the amount in controversy in her Motion to Remand. (*See* Doc. 9). In short, *there is not a single filing in which the plaintiff stakes out a position that the amount in controversy is less than the jurisdictional threshold.*

It is seemingly simple for plaintiff to state that she seeks damages in excess of, or not in excess of, the amount required for diversity jurisdiction, as she was statutorily *required* to do

under *Okla. Stat.* tit. 12, §§ 2008 and 2009, but she has not done so.[3] And she has refused to clarify her damages, based upon an argument that the state statute providing for a motion to clarify damages is inapplicable because this case has been removed to federal court, at the same time that she asks this Court to remand the action to state court for an alleged failure of defendant to prove damages exceeding the jurisdictional threshold.

Because the plaintiff has not contested the plain and plausible statement in the Notice of Removal that the amount in controversy exceeds the jurisdictional threshold, the Court accepts the defendant's allegation, in accordance with *Dart Cherokee* and 28 U.S.C. § 1446. The Court accordingly has subject matter jurisdiction based upon diversity, and plaintiff's Motion to Remand (Doc. 9) is **denied**. As a result of this Court's determination that the amount in controversy exceeds the jurisdictional threshold, defendant's Motion to Strike, Dismiss, or Clarify Damages (Doc. 7) is deemed **moot**.[4]

SO ORDERED this 13th day of February, 2015.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[3] Another federal district judge in Oklahoma recently noted that a continuing failure by counsel to comply with the damages pleading requirement of *Okla. Stat.* tit. 12, § 2008 "might be viewed as an improper attempt to avoid federal jurisdiction which would warrant disciplinary action." *Trosper v. Travelers Indemnity Co. of Conn.*, CIV-14-1088-HE, 2014 WL 6687283, *2, n.3 (W.D. Okla. Nov. 26, 2014).

[4] The Court's determination that defendant's Motion is moot shall not be construed as denying defendant the right to conduct discovery regarding plaintiff's damages. To be clear, discovery may be conducted on the issue of plaintiff's damages, and this Order does not alter the plaintiff's obligations with respect to initial disclosures relating to damages.